**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-82235-CIV-CANNON**

THE CORING COMPANY, on behalf of itself
and all others similarly situated

                     Plaintiffs,

   v.

APPLE INC.

                    Defendant.

**DEFENDANT APPLE INC.'S MOTION TO SET THE DEADLINE**
**TO MOVE FOR TRANSFER TO FEBRUARY 14, 2022, AND**
**DEFER APPLE'S RESPONSIVE PLEADING DEADLINE**

Pursuant to Southern District of Florida Local Rule 7.1, Apple Inc. ("Apple") respectfully moves for an order permitting Apple to file a motion to transfer this case to the Northern District of California by February 14, 2022, and deferring the submission of a motion under Federal Rule of Civil Procedure 12(b) until after the resolution of that motion to transfer. February 14, 2022, is the applicable deadline for a responsive pleading by operation of the Federal Rules of Civil Procedure and this Court's December 16, 2021 Order Requiring Combined Responses. And even if it were not, a modest extension is appropriate given the impending holidays and Apple's need to draft a motion to transfer. Moreover, the Court's time and parties' resources are best economized by first considering a motion to transfer; subject to the disposition of that motion, Apple may then answer or move to dismiss the complaint in the appropriate forum.

## Background

This is the eighth complaint, in four separate district courts, filed against Apple Inc. by Jeffrey Isaacs or entities with which he is associated. Decl. of Rachel S. Brass ¶¶ 2–4, 6. Most recently, the United States District Court for the Northern District of California dismissed with prejudice antitrust, contract, fraud, and other claims brought by Mr. Isaacs and three of his entities. *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910, at *1 (N.D. Cal. Nov. 30, 2021).

Before the ink had dried on that judgment, Coring Company filed this case—reasserting variations on the same antitrust theories that were dismissed with prejudice. ECF No. 1. Although Coring has not filed the required disclosure statement, Fed. R. Civ. P. 7.1—and there are no public records indicating that it even exists, Brass Decl. Exs. 12–16—it is clear that Mr. Isaacs remains the driving force behind this litigation. *See* Brass Decl. Ex. 8. Indeed, despite being represented by counsel, he has emailed Apple's counsel about this case directly, Brass Decl. Exs. 8, 11, and is the sole inventor listed on the alleged patent underlying Coring's infringement claim. ECF No. 1-

4. And the Complaint admits that this case is an attempt to relitigate claims in what Coring believes is a favorable forum: Because Coring is dissatisfied with the "Ninth Circuit law" that "has defeated numerous valid Apple antitrust claims," it sought to evade the forum-selection clause in Apple's developer agreements by filing suit here, "hopeful [that] Eleventh Circuit law can finally bring a proper resolution to this important matter." *Id.* ¶¶ 97, 171; *see also Coronavirus Reporter*, 2021 WL 5936910, at *5 (describing the history of prior forum shopping in Coronavirus Reporter). In light of these machinations, Apple will move to transfer this case to the Northern District of California—which is best positioned to evaluate the applicability of *res judicata* and other preclusion doctrines.

In the meantime, Apple and then-defendant Tim Cook agreed, in light of the history of this litigation, to waive service of the Complaint on December 15, the day after Coring filed suit and before either defendant had been served. Brass Decl. Ex. 8, at 3; ECF No. 11. This assent was given in response to Coring's request to "agree on service." Brass Decl. Ex. 8, at 3. Defendants returned executed waivers of service to Coring, *id.*, but Coring ignored them and instead served Apple around noon on December 16. ECF No. 11. Coring also refused to accept and file Mr. Cook's service waiver, apparently sent a process server to Apple's headquarters, suggested Mr. Cook was "evading service," and threatened to serve him by "stake out if necessary." Brass Decl. Ex. 8, at 2–3. Coring did not serve Mr. Cook, nor did it file the waiver of service that he (or Apple) executed. Brass Decl. ¶ 5.

Apparently unable to serve Mr. Cook and unwilling to file his waiver of service, Coring filed a Notice of Voluntary Dismissal ("Notice") "against Tim Cook only" on December 20. ECF No. 12. That Notice contains the false representation that "[a]n agreement for settlement has been executed between the parties." *Id.* To be clear, there is no settlement, and Mr. Cook has never

even discussed a settlement with Coring.  Brass Decl. ¶ 7; *see also* Brass Decl. Ex. 17 (Coring's counsel's characterization of the statement regarding a settlement as a "scriveners [sic] error"). But in any event, the Court—having not been presented with Apple or Mr. Cook's waivers of service—then indicated that Apple's responsive pleading deadline is January 6, 2022.  ECF No. 13.  Plaintiff did not serve its Notice of Dismissal on Apple, Brass Decl. ¶ 7, despite representing that it had done so, ECF No. 12.

Apple asked Coring whether it would stipulate to the relief sought in this motion. Brass Decl. ¶ 10.  Coring refused to stipulate, stating that it would only agree to extend Apple's responsive pleading deadline to January 15, 2022.  *Id.*

## Discussion

Apple respectfully seeks an order (1) permitting it to file a motion to transfer no later than February 14, 2022, and (2) deferring Apple's deadline to file a motion to dismiss until the Court resolves that motion to transfer.

*First*, by rule and court order, the correct deadline for Apple's response to the complaint is February 14, 2022.  Where a defendant agrees to waive service and "timely returns a waiver," the responsive pleading deadline is extended to 60 days from the date of the request.  Fed. R. Civ. P. 4(d)(3); *see also* Fed. R. Civ. P. 12(a)(1)(A)(ii).  Apple consented to Coring's request to "agree on service" and, when it did not hear further from Plaintiff's counsel, returned an executed waiver. Brass Decl. Ex. 8, at 2–3.  Having requested and received a waiver of service, Coring was obligated to "file[] a document stating that [Defendants] ha[d] waived service of process."  *Eye v. Bechtold*, 2013 WL 12100940, at *1 (S.D. Fla. May 16, 2013); *see also Smith v. Polk Cty., Fla.*, 2005 WL 2129189, at *1 (M.D. Fla. Sept. 2, 2005) ("If and when Defendants return the Waiver(s) of Service of Summons, Plaintiff *must* file the Waiver(s) with the Court." (citing Fed. R. Civ. P. 4(d)(4)).

Coring's improper refusal to file the waivers should not override the correct function of the Federal Rules.[1]

Even if February 14 were not the current deadline by operation of law, an extension to that deadline is independently warranted. Courts may extend responsive pleading deadlines "for good cause." Fed. R. Civ. P. 6(b); *see also* S.D. Fla. L.R. 7.1(a)(1)(J). And such requests "should be liberally granted absent a showing of bad faith . . . or undue prejudice." *Lizarazo v. Mia.-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017). Here, Apple seeks a modest extension in light of the upcoming holidays, during which Apple's counsel and employees relevant to this case have pre-existing travel and vacation plans. *See* Brass Decl. ¶ 9. Absent such an extension, Apple would be forced to brief both a motion to transfer and a motion to dismiss antitrust, patent, and state-law claims over the Christmas and New Year holidays. Moreover, this modest extension will not prejudice Coring given that there are no other deadlines in the case, nor is there any exigency. Courts routinely grant motions to extend time under these circumstances. *See, e.g.*, *Smith v. Conner*, 2013 WL 178974, at *2 (M.D. Fla. Jan. 17, 2013) (granting motion to extend time for responsive pleading in light of counsel's other obligations during the holiday season).

*Second*, the Court should defer all motions under Federal Rule of Civil Procedure 12(b) until it resolves Apple's forthcoming motion to transfer. This will economize the Court's time and the parties' resources. After all, if the Court orders the case transferred, it will not need to consider or hear arguments on the merits, while the parties would need to re-brief the issues before the

---

[1]  That Coring may assert it served Apple minutes before Apple returned an executed waiver is immaterial. *See* ECF No. 11. The Court ordered a combined response "within the time allowed for the last-served defendant to respond." ECF No. 10. And it is beyond dispute that Mr. Cook returned an executed waiver before he was served or dismissed from the case—thus extending both defendants' deadline to respond.

transferee court under that Circuit's applicable precedent. *See Mackiewicz v. Nationstar Mortg., LLC*, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015) (courts may stay or defer proceedings to "simplify and clarify the issues" and "reduce the burden of litigation on the parties and on the court"); *Smith v. Davison Design & Dev., Inc.*, 2013 WL 12155489, at *1 (M.D. Fla. Dec. 18, 2013) (similar). Sequencing the proceedings in this manner will thus ensure an orderly disposition of the relevant issues. And doing so will not prejudice Coring. Again, there are no other deadlines pending, and Apple has strong arguments that the theories asserted in this case belong in California—where they have already been heard and rejected.

### Conclusion

For the foregoing reasons, Apple respectfully seeks an order (1) permitting it to file a motion to transfer no later than February 14, 2022, and (2) deferring Apple's deadline to file a motion to dismiss until the Court resolves that motion to transfer.

Dated: December 22, 2021

Respectfully submitted,

By: _____ /s/ Caroline M. Iovino _____

McDERMOTT WILL & EMERY LLP
CAROLINE M. IOVINO (Florida Bar No. 181110)
 ciovino@mwe.com
333 S.E. 2nd Avenue, Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 675-8146

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (pro hac vice)
 mperry@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    (202)    955-8500
Facsimile:    (202) 467-0539

RACHEL S. BRASS (pro hac vice)
 rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

Telephone: (415) 393-8200
Facsimile: (415) 374-8429

*Attorneys for Defendant Apple Inc.*

## **LOCAL RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida, counsel for the moving parties has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## **CERTIFICATE OF SERVICE**

I, Caroline Iovino, hereby certify that on this 22nd day of December, 2021, I caused the

foregoing document to be served on all parties via the Court's CMF/ECF system.


/s/ Caroline M. Iovino
Caroline M. Iovino