**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 21-82235-CIV-CANNON**

THE CORING COMPANY, on behalf of itself and all others similarly situated

                Plaintiffs,

v.

APPLE INC.,

                Defendant.

**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF
DEFENDANT APPLE INC.'S MOTION TO SET THE DEADLINE TO
MOVE FOR TRANSFER TO FEBRUARY 14, 2022, AND DEFER
APPLE'S RESPONSIVE PLEADING DEADLINE**

I, Rachel S. Brass, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and I have submitted an application to appear in this case *pro hac vice*. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am also counsel of record for Apple in the related cases *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-5567-EMC (N.D. Cal.), and *Primary Productions LLC v. Apple Inc.*, No. 21-cv-6841-EMC (N.D. Cal.). I submit this declaration in support of Apple's Motion to Set the Deadline to Move for Transfer to February 14, 2022, and Defer Apple's Responsive Pleading Deadline ("Motion"). I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. Over the course of 2021, starting in January and most recently in December, several entities controlled by Mr. Jeffrey Isaacs and represented by Mr. Keith Mathews have filed substantially similar lawsuits asserting antitrust and other claims against Apple Inc. True and correct copies of the docket reports for *Coronavirus Reporter v. Apple, Inc.*, No. 21-cv-47, Dkt. 1 (D.N.H.), *Primary Prods. LLC v. Apple Inc.*, No. 21-cv-137, Dkt. 1 (D. Me.), and *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-5567-EMC, Dkt. 1 (N.D. Cal.) ("*Coronavirus Reporter II*"), are attached hereto as **Exhibits 1–3**.

3. The plaintiffs in *Coronavirus Reporter v. Apple, Inc.*, No. 21-cv-47, Dkt. 1 (D.N.H.), and *Primary Prods. LLC v. Apple Inc.*, No. 21-cv-137, Dkt. 1 (D. Me.), ultimately dismissed their claims voluntarily (after repeated amendments to avoid multiple motions to dismiss filed by Apple). On November 30, 2021, the United States District Court for the Northern District of California dismissed with prejudice all claims in *Coronavirus Reporter II*. A true and correct copy of the court's November 30, 2021 order is attached hereto as **Exhibit 4**. That order is also

1

available on Westlaw at 2021 WL 5936910. To date, no appeal has been filed in *Coronavirus Reporter II*.

4. Publicly available evidence shows that Mr. Jeffrey Isaacs controls Coronavirus Reporter, Primary Productions, and CALID Inc.—the plaintiffs in the above-referenced actions against Apple. This includes the Certificate of Reinstatement for CALID Inc., showing that Mr. Isaacs is the company's CEO, which is attached hereto as **Exhibit 5**. It also includes a log of communications between Mr. Isaacs (on behalf of CALID as the developer of the Coronavirus Reporter app) and members of Apple's app review team, a true and correct copy of which was filed on the *Coronavirus Reporter II* docket and is attached hereto as **Exhibit 6**. *See Coronavirus Reporter II*, Dkt. 34-1. An additional summary of this evidence is contained in a September 30, 2021 letter to Mr. Mathews and his local counsel in *Coronavirus Reporter II*, a true and correct copy of which was filed on the *Coronavirus Reporter II* docket and is attached hereto (in excerpted form) as **Exhibit 7**. *See Coronavirus Reporter II*, Dkt. 63 at 5–7. Mr. Isaacs also has never disputed that he controls, in whole or in part, Coronavirus Reporter, CALID, or Primary Productions, and, indeed, Mr. Isaacs has repeatedly emailed me, as well as other counsel for Apple, regarding the claims and interests of Coronavirus Reporter, CALID, or Primary Productions.

5. A true and correct copy of an email exchange from December 1, 2021, to December 17, 2021, between me, Mr. Mathews, and Mr. Isaacs related to this case and *Coronavirus Reporter II* is attached hereto as **Exhibit 8**. True and correct copies of executed waivers of service related to this case, which I emailed to Mr. Mathews on December 16, 2021, are attached hereto as **Exhibits 9** and **10**. Those executed waivers were never filed on the docket in this case.

6.      A true and correct copy of a separate December 16, 2021 email exchange between me, Mr. Mathews, and Mr. Isaacs related to this case and *Coronavirus Reporter II* is attached hereto as **Exhibit 11**.

7.      Neither Apple nor Mr. Cook have agreed to any settlement, much less executed a settlement agreement, with Mr. Isaacs, Coronavirus Reporter, CALID, Primary Productions, or The Coring Company. Neither Mr. Isaacs, Coronavirus Reporter, CALID, Primary Productions, nor The Coring Company has ever requested to discuss a settlement with Mr. Cook. To date, Coring has not served on Apple a copy of its Notice of Dismissal, nor has it otherwise provided a copy of that Notice to Apple or its counsel in this case.

8.      On every business day since the Complaint in this case was filed, counsel for Apple has checked the Florida Secretary of State, Division of Corporations' official database for the existence of "The Coring Company." As of the date of this filing, no such entity is reflected in the State's official database. True and correct copies of the search results from the database's website are attached hereto as **Exhibit 12** (December 16, 2021), **Exhibit 13** (December 17, 2021), **Exhibit 14** (December 20, 2021), **Exhibit 15** (December 21, 2021), and **Exhibit 16** (December 22, 2021).

9.      Apple's counsel and employees working on this have pre-arranged travel and vacation plans for the upcoming holidays.

10.      On December 22, 2021, I emailed Coring's counsel to inquire if Coring would consent to the relief requested in Apple's Motion. Mr. Mathews responded that Coring would agree to extend Apple's responsive pleading by nine days (to thirty days after service) and otherwise did not consent. A true and correct copy of that email chain is attached hereto as **Exhibit 17**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on December 22, 2021 at San Francisco, California.

_____
Rachel S. Brass