# EXHIBIT 8

| | |
|---|---|
| **From:** | Brass, Rachel S. |
| **To:** | Keith Mathews |
| **Cc:** | Perry, Mark A. |
| **Subject:** | RE: The Coring Company v. Apple |
| **Date:** | Friday, December 17, 2021 1:52:17 PM |

Dear Mr. Mathews,

We have now twice agreed to waive service for Mr. Cook, and to accept service on his behalf. We cannot comprehend in this context how Mr. Cook could ever be attempting to "evade service" nor any basis for you to seek relief from the Court. If you do seek relief, we fully expect that you will disclose to the Court that Mr. Cook has waived service, as your duty of candor requires.

*Rachel*

**Rachel S. Brass**
**Partner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

**From:** Keith Mathews <Keith@aaone.law>
**Sent:** Friday, December 17, 2021 1:00 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Cc:** Perry, Mark A. <MPerry@gibsondunn.com>
**Subject:** Re: The Coring Company v. Apple

**[WARNING: External Email]**

Rachel,

As previously indicated my server attempted to serve Mr. Cook but was denied entrance to 1 Apple Park Way. Is Mr. Cook evading service? Under the rules as this is his usual place of work, the process server should have been allowed entry. Is this an issue we need to take to the judge?

Please advise within 24 hours if we need to take this to the court.

Thanks,

Keith

On 12/16/2021 4:41 PM, Brass, Rachel S. wrote:

> Mr. Mathews,
> Thank you for your email. I am puzzled why you served Apple today when I agreed to waive service yesterday, an email to which you did not respond. Regardless, with my email below, I attached a waiver of service for Mr. Cook. To avoid ambiguity, I have attached it again here. Having waived service, Mr. Cook's deadline to respond is February 14, 2022, and the court has ordered a consolidated response. Accordingly, we plan to respond to the complaint on or before that date.
> We trust you will file the waiver of service with the Court, as required.
> Best,
> Rachel
>
> **Rachel S. Brass**
> **Partner**
>
> GIBSON DUNN
>
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com
>
> **From:** Keith Mathews <keith@aaone.law>
> **Sent:** Thursday, December 16, 2021 1:25 PM
> **To:** Brass, Rachel S. <RBrass@gibsondunn.com>
> **Cc:** Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
> **Subject:** The Coring Company v. Apple

**[WARNING: External Email]**
Rachel,
I am not sure you are aware but your client was served this morning, we had already begun formal service. However we still need to serve Mr. Cook. Your client was unwilling to accept service. Do we really need to do a stake out? As we do not want to delay this until February 14th is there someone willing to accept formal service for Mr. Cook?
Thanks,
Keith

> On Dec 16, 2021, at 4:14 PM, Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>
> Dear Mr. Mathews,
>
> As we approach the holidays, and do not yet have the form and required information, I am sending you a copy here.   To be clear, you have not yet sent the copy of the complaint, two copies of the waiver form, or the prepaid means of returning one signed copy of the form as is formally required, and we do not by executing the form mean to suggest you have done so.   But, in the interest of efficiency, we are willing to dispatch with that formality.   That makes our responses due 60 days from today on February 14, 2022.
>
> Best,
> Rachel
>
> **Rachel S. Brass**
> **Partner**
> GIBSON DUNN
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com
>
> **From:** Brass, Rachel S.
> **Sent:** Wednesday, December 15, 2021 11:29 AM
> **To:** Keith Mathews <keith@aaone.law>; Perry, Mark A. <MPerry@gibsondunn.com>
> **Cc:** Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
> **Subject:** RE: Coronavirus reporter v. Apple
>
> Mr. Mathews,
>
> We are authorized to accept service.   If you can send the appropriate form, that would be great.
>
> Best,
> Rachel
>
> **Rachel S. Brass**
> **Partner**
> GIBSON DUNN
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com
>
> **From:** Keith Mathews <keith@aaone.law>
> **Sent:** Thursday, December 9, 2021 10:33 AM
> **To:** Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>
> **Cc:** Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
> **Subject:** Re: Coronavirus reporter v. Apple
>
> **[WARNING: External Email]**
> All,
> I concur with Dr. Isaacs that we should at very least be able to agree on service. At minimum to avoid the waste of energy expended by a process server driving around LA.
> Thanks,
> Keith
>
>> On Dec 9, 2021, at 12:13 AM, Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
>> This last thread omitted reply-to-all, I apologize for the duplicate email.
>>
>>> FYI attached is the patent central to the Florida case. We will need to name Tim Cook
>>> and an additional shareholder (Doerr/KPCB?) to avoid RICO identity of parties, unless
>>> Apple stipulates otherwise. We will need that stipulation by end of day Friday.
>>> On Wed, Dec 8, 2021 at 11:58 PM Jeffrey D. Isaacs
>>> <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
>>>> We believe this will provide an important complement to *RJR Nabisco, Inc.,*
>>>> *v. European Community*, No. 15-138, as here extraterritorial predicate acts

by a California company caused direct damages to US competition markets. In RJR, "the Court held that while certain substantive provisions of RICO do apply to foreign conduct, the provision providing for a private right of action under RICO does not allow civil plaintiffs to sue for injuries outside the United States....

In an opinion by Justice Alito, the Court confirmed that RICO's substantive provisions in § 1962 may apply to certain conduct in foreign countries. This portion of Court's opinion was unanimous, save for Justice Sotomayor, who recused herself from this case. Justice Alito explained that under the principle known as the "presumption against extraterritoriality," federal laws generally do not apply beyond our Nation's borders absent an expressed intent by Congress to the contrary. In RICO, however, Congress included a number of predicate acts that plainly encompass foreign conduct. For example, the prohibition on killing a U.S. national outside of the United States is a predicate act that necessarily applies to foreign conduct. Thus, the Court held that a violation of § 1962 may be based on a pattern of racketeering outside the United States, as long as the predicate acts that form the basis of the RICO violation either took place within the United States or took place elsewhere but still constituted a violation of a U.S. law that itself applies extraterritorially."

We calculate Apple's answer date at the end of the month, and look forward to discussing these important issues with whatever counsel Apple ultimately assigns to this case.

Jeff Isaacs MD MBA

co-Plaintiff

On Wed, Dec 8, 2021 at 11:21 PM Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> wrote:
> Thank you for your response.
> Mr. Mathews had referred to the Florida patent case, and you indicated you are not authorized to accept service.
> To clarify, the case is a class action RICO, antitrust, and infringement action. We are suing Apple for the illegal $275 agreement with Chinese government as part of the RICO claims.
> As such, our guess is your firm, and your department, will likely handle aspects of the case.
> In light of this, can we save money and avoid formal service of process and just email you the complaint?
> THanks in advance,
> Jeff
> On Wed, Dec 8, 2021 at 11:10 PM Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>> Dear Mr. Mathews,
>>
>> Thank you for your patience. Apple is not prepared to pay 11 million EUR (or 18 million EUR) to settle any of the threatened claims. Nothing else in your note requires a further response.
>>
>> Best,
>> Rachel
>>
>> Rachel S. Brass
>> Partner
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP

555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com •
https://urldefense.com/v3/__http://www.gibsondunn.com__;!!IBzWLUs!ApgkdT-I5LDOBlN4KR5g31uO8TKPoQU6UCncPJ2e7JoJaGBXVrM4brUAJlVoZcH43H8AJ2Y2TtZC-ASq5Ow$

-----Original Message-----
From: Brass, Rachel S.
Sent: Tuesday, December 7, 2021 5:25 PM
To: Keith Mathews, Esq. <keith@aaone.law>;
Perry, Mark A. <MPerry@gibsondunn.com>
Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
Subject: RE: Coronavirus reporter v. Apple

Dear Mr. Mathews,

Please excuse our slow response; our ability to receive external emails has been severely impeded today.   We will respond by end of the business day tomorrow.

Best,
Rachel

Rachel S. Brass
Partner

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921 Tel +1 415.393.8293 • Mobile +1 415.264.5998 RBrass@gibsondunn.com •
https://urldefense.com/v3/__http://www.gibsondunn.com__;!!IBzWLUs!ApgkdT-I5LDOBlN4KR5g31uO8TKPoQU6UCncPJ2e7JoJaGBXVrM4brUAJlVoZcH43H8AJ2Y2TtZC-ASq5Ow$

-----Original Message-----
From: Keith Mathews, Esq. <keith@aaone.law>
Sent: Tuesday, December 7, 2021 1:44 PM
To: Brass, Rachel S. <RBrass@gibsondunn.com>;
Perry, Mark A. <MPerry@gibsondunn.com>
Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
Subject: Re: Coronavirus reporter v. Apple

[WARNING: External Email]

Rachel and Mark,

Just following up on this. We are holding off on filing the patent case awaiting your response. Please let us know when we can expect to hear back on the below issues.

Regards,

Keith

On 12/3/2021 12:01 PM, Keith Mathews wrote:
> Rachel and Mark:
>
>
> Following is our reply to your response to a Meet & Confer
>
> 1.  Proposed stipulation:
>
> To clarify, we will be filing an immediate notice of appeal, then a
> subsequent Rule 59 Motion. Our intent is to immediately file an appeal
> on the injunction, then a de novo request after the Rule 59 motion on
> the 12(b)(6) is adjudicated.
>
>
> 2.  Threatened patent litigation:
>
> Thank you for this instruction; we will serve Apple's LA based
> registered agent as prescribed by the rules for summons service of
> process. The patent issues Tuesday and service will occur on Wednesday.
>
> 3.   Motion for reconsideration:
>
> Your response may have omitted several words, as we do not understand
> it. Furthermore, throughout this action you and Apple refused to
> provide written copies before filing, and only gave us 30 minute M&C
> covering sparse aspects of the filing. As such, if you refuse a M&C we
> assume you are waiving any right to a printed copy of the Rule
> 59 motion, which will include the Court's decision not to address your
> firm's harassment of witnesses in this case.
>
> 4.  Threatened EU action:
>
> We are prepared to file Article 81/82 complaints with the EU regulator
> on or around December 31 2021. The complaint will raise the free app
> censorship concern, as well as provide evidence of what we consider
> willful non-enforcement by the US authorities, and our status as US
> citizens subject to political retaliation. As Epic and others did, we
> will issue press releases and website coverage of how our claims
> differ. Under the 2005 green paper, we will file a private action in
> the French national system on or around February 1. This will incur
> substantial cost to Coronavirus Reporter. As such, we propose a

> settlement of the Article 81 complaint at EUR 11 million until
> February 1, and EUR 18 million after such date to incorporate the
> private national member country litigation.
>
> 5.  Cameron-related claim:
>
> Page 9 includes Cameron in the cause of action summation, but he never
> addresses Cameron's marketplace definitions, which include App Store
> competitors, most importantly, and includes the elasticity of demand
> and substitutability of App Store distributors, including "direct"
> models that we referenced in the FAC. That, as you know, is pleaded in
> Cameron as both a single-brand and a sub-market, and wouldn't be
> subject to the court's Newcal ruling (which as far as we understand is
> equivalent to YGR's Newcal ruling in Epic, and we would appeal that to
> SCOTUS as an improper Ninth Circuit "substance over form" restriction,
> and importantly, one that even if valid, had no place being in a
> 12(b)(6) as you did not even raise it; that should have been a ruling
> by a jury.
>
> We will also accept proposals from Apple to settle these matters in full.
>
> Regards,
>
> Keith A. Mathews, Esq.
>
> On 12/2/2021 11:26 AM, Brass, Rachel S. wrote:
>> Dear Mr. Mathews,
>>
>> Thank you for your email.   In lieu of a telephonic meet and confer,
>> we have responded here to each of the issues you have identified.
>>
>> 1.  Proposed stipulation:
>>
>> The Court has entered a single judgment and we do not believe a
>> stipulation is necessary in this context.   If, however, you believe
>> a specific Ninth Circuit rule requires a stipulation, please send it
>> to us with a draft stipulation, and we will consider the proposal.
>>
>> 2.  Threatened patent litigation:
>>
>> We are not authorized to accept service on behalf of Apple.   If and

>> when any suit is filed, Apple will retain and instruct counsel, but
>> we are not authorized to discuss resolution of any patent-related
>> claims.
>>
>> 3.   Motion for reconsideration:
>>
>> We are unaware of anything meeting the requirements of the local
>> rules or otherwise providing a basis for reconsideration.  If you
>> have identified anything that qualifies under that high standard, and
>> can share them in writing, we would be happy to consider the issue then.
>>
>> 4.  Threatened EU action:
>>
>> If you have a specific proposal for resolving your claims in advance
>> of any EU filing, please send that proposal in writing and we will
>> present it to our client.
>>
>> 5.  Cameron-related claim:
>>
>> We respectfully disagree with your assertion that the Court did not
>> address your attempt to reassert the claims otherwise litigated in
>> Cameron.  The Court specified on page 9 of its Order that it was
>> including the Cameron Count (#7) in its analysis of the other
>> antitrust claims, and that the Count failed for the same reasons.  We
>> do not believe any action here is warranted.
>>
>> Kind regards,
>> Rachel
>>
>> Rachel S. Brass
>> Partner
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP
>> 555 Mission Street, San Francisco, CA 94105-0921 Tel +1 415.393.8293
>> • Mobile +1 415.264.5998
RBrass@gibsondunn.com •
https://urldefense.com/v3/__http://www.gibsondunn.com__;!!IBzWLUs!ApgkdT-I5LDOBlN4KR5g31uO8TKPoQU6UCncPJ2e7JoJaGBXVrM4brUAJlVoZcH43H8AJ2Y2TtZC-ASq5Ow$
>>
>>
>> -----Original Message-----
>> From: Keith Mathews <keith@aaone.law>
>> Sent: Wednesday, December 1, 2021 5:00 AM
>> To: Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A.

>> <MPerry@gibsondunn.com>
>> Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
>> Subject: Coronavirus reporter v. Apple
>>
>> [WARNING: External Email]
>>
>> Rachel and Mark,
>>
>> I am writing hoping that you can hop on a zoom call with us to meet
>> and confer about the following issues:
>>
>> 1. Potential stipulation on if and how we can consolidate the
>> injunction appeal and the appeal of the 12(b)(6).
>>
>> 2. I will be filing the patient infringement claim we discussed
>> previously against Apple in Florida next week. Can we discuss service
>> of process, whether you will be on the case and potential resolution?
>>
>> 3. Your thoughts and potential resolution regarding our motion to
>> reconsider the judge's ruling yesterday.
>>
>> 4. As you know we have postponed filing with the EU anti trust
>> authorities, that is now inevitable. We want to discuss potential
>> resolution before we do.
>>
>> 5. As you noticed the judge did not address our Cameron claim for
>> paid apps, we would like to discuss how to address this.
>>
>> Please let me know when you can meet for a zoom within the next 48
>> hours.
>>
>> Thanks,
>>
>> Keith
>> _____
>>   This message may contain confidential and privileged information
>> for the sole use of the intended recipient. Any review, disclosure,
>> distribution by others or forwarding without express permission is
>> strictly prohibited. If it has been sent to you in error, please
>> reply to advise the sender of the error and then immediately delete
>> this message.
>>
>> Please see our website at
https://urldefense.com/v3/__https://www.gibsondunn.com/__;!!IBzWLUs!ApgkdT-I5LDOBlN4KR5g31uO8TKPoQU6UCncPJ2e7JoJaGBXVrM4brUAJlVoZcH43H8AJ2Y2TtZCCX7_VNc$

>> for information
>> regarding the firm and/or our privacy policy.
>> _____

_____
This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://urldefense.com/v3/__https://www.gibsondunn.com/__;!!IBzWLUs!ApgkdT-I5LDOBlN4KR5g31uO8TKPoQU6UCncPJ2e7JoJaGBXVrM4brUAJlVoZcH43H8AJ2Y2TtZCCX7_VNc$ for information regarding the firm and/our privacy policy.
_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

<Apple Waiver of Service of Summons ao399 (editable).pdf>
<Cook Waiver of Service of Summons ao399 (editable).pdf>

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.