# EXHIBIT 11

**Brass, Rachel S.**

---

| | |
|---|---|
| **From:** | Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu> |
| **Sent:** | Friday, December 17, 2021 1:58 PM |
| **To:** | Brass, Rachel S. |
| **Cc:** | Keith Mathews; Perry, Mark A. |
| **Subject:** | Re: Coronavirus reporter v. Apple |

<span style="color:red">**[WARNING: External Email]**</span>

Apple Counsel:

That does not address the question are trying to meet & confer with you about, for a Rule 59 motion. Would these definitions in an SAC be relevant? In other words, does Apple assent to the Rule 59 motion on this part, or is it refusing to meet & confer on the matter?

Alternatively, we will meet be video if you prefer, we were trying to expedite things by emailing this meet & confer matter succinctly.

Jeffrey Isaacs

On Fri, Dec 17, 2021 at 4:52 PM Brass, Rachel S. <RBrass@gibsondunn.com> wrote:

> Mr. Mathews,
>
>
> Apple's position is that Judge Chen correctly ruled that the market definitions alleged in the *Coronavirus Reporter* complaint are deficient as a matter of law, and final judgment has been entered in that action.  Apple will respond to the *Coring Company* complaint in due course.
>
>
>
> Rachel
>
> **Rachel S. Brass**
> **Partner**
>
> <span style="color:#5B9BD5">GIBSON DUNN</span>
>
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com

---

**From:** Keith Mathews <Keith@aaone.law>
**Sent:** Friday, December 17, 2021 1:11 PM
**To:** Jeffrey D. Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>; Brass, Rachel S. <RBrass@gibsondunn.com>

**Cc:** Perry, Mark A. <MPerry@gibsondunn.com>
**Subject:** Re: Coronavirus reporter v. Apple


**[WARNING: External Email]**

All,

I would like to expand upon Dr. Isaacs email on behalf of the corporation. We urgently need Apple's position on the relevant marketplace definitions plead in The Coring Company suit.

The DOJ and 26 Attorney Generals have raised these relevant market definitions nearly verbatim. As that case is progressing the courts agree with this consensus. What is Apple's stance on the validity of these market definitions for Coronavirus Reporter? Our position is that if Apple does not accept this it would be a dishonest objection.

Please provide Apple's position in detail within 24 hours so we will know how to proceed.

Thanks.

Keith

On 12/16/2021 10:38 PM, Jeffrey D. Isaacs wrote:

> Apple Counsel:
>
> This email is in regards to the anticipated Rule 59 motion we informed you about previously.
>
>
> We will submit that the Court incorrectly found that we did not state a relevant market in the FAC. Notwithstanding that, we also believe the Court erred in not analyzing the Cameron markets, at least insofar as they relate to the Cameron Claims. But moreover, we take issue with the idea that pleading a market that would protect free apps would be futile. Upon information and belief, the DOJ will likely be filing such claims in the not too distant future. Additionally, The Coring Company has filed concise marketplace definitions as to the smartphone app (or ios app) markets, and the smartphone app distribution markets that both adequately satisfy current Ninth Court precedent for Sherman market definitions.
>
>
> In short, we will ask the Court to recognize that such leave to amend the SAC is not futile, because Coring, and likely the DOJ, have and will plead marketplaces that would work with the FAC claims.
>
>
> We would like to know if Apple assents to this specific argument on motion. Specifically, does Apple concede, or deny, that Coring, and/or DOJ, have pleaded, or will shortly plead, relevant marketplace definitions that confirm to Ninth Circuit precedent re Sherman? If Apple does not contest that Coring has stated a relevant market, does Apple consent to allow Coronavirus Reporter to amend an SAC with the Coring definitions?

2

As you know, the Court does not have authority to extend the deadline for filing the Rule 59 motion beyond December 28. As such, we appreciate your prompt response on this matter.

Dr. Jeffrey Isaacs


On Tue, Dec 7, 2021 at 8:25 PM Brass, Rachel S. <RBrass@gibsondunn.com> wrote:

>   Dear Mr. Mathews,

>   Please excuse our slow response; our ability to receive external emails has been severely impeded today.   We will respond by end of the business day tomorrow.

>   Best,
>   Rachel

>   Rachel S. Brass
>   Partner

>   GIBSON DUNN

>   Gibson, Dunn & Crutcher LLP
>   555 Mission Street, San Francisco, CA 94105-0921
>   Tel +1 415.393.8293 • Mobile +1 415.264.5998
>   RBrass@gibsondunn.com •
>   https://urldefense.com/v3/__http://www.gibsondunn.com__;!!IBzWLUs!GJLS4ImzIJpa yKZosuCjXjpH_-1O6P-WqR9GTTwBO3OmLNJRx5UI2yPyESBKkIx8OlgksioztpO_wT3azSs$


>   -----Original Message-----
>   From: Keith Mathews, Esq. <keith@aaone.law>
>   Sent: Tuesday, December 7, 2021 1:44 PM
>   To: Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A.
>   <MPerry@gibsondunn.com>
>   Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
>   Subject: Re: Coronavirus reporter v. Apple

>   [WARNING: External Email]

>   Rachel and Mark,

>   Just following up on this. We are holding off on filing the patent case awaiting your response. Please let us know when we can expect to hear back on the below issues.

>   Regards,

>   Keith

>   On 12/3/2021 12:01 PM, Keith Mathews wrote:

> Rachel and Mark:
>
>
> Following is our reply to your response to a Meet & Confer
>
> 1.  Proposed stipulation:
>
> To clarify, we will be filing an immediate notice of appeal, then a
> subsequent Rule 59 Motion. Our intent is to immediately file an appeal
> on the injunction, then a de novo request after the Rule 59 motion on
> the 12(b)(6) is adjudicated.
>
>
> 2.  Threatened patent litigation:
>
> Thank you for this instruction; we will serve Apple's LA based
> registered agent as prescribed by the rules for summons service of
> process. The patent issues Tuesday and service will occur on Wednesday.
>
> 3.   Motion for reconsideration:
>
> Your response may have omitted several words, as we do not understand
> it. Furthermore, throughout this action you and Apple refused to
> provide written copies before filing, and only gave us 30 minute M&C
> covering sparse aspects of the filing. As such, if you refuse a M&C we
> assume you are waiving any right to a printed copy of the Rule
> 59 motion, which will include the Court's decision not to address your
> firm's harassment of witnesses in this case.
>
> 4.  Threatened EU action:
>
> We are prepared to file Article 81/82 complaints with the EU regulator
> on or around December 31 2021. The complaint will raise the free app
> censorship concern, as well as provide evidence of what we consider
> willful non-enforcement by the US authorities, and our status as US
> citizens subject to political retaliation. As Epic and others did, we
> will issue press releases and website coverage of how our claims
> differ. Under the 2005 green paper, we will file a private action in
> the French national system on or around February 1. This will incur
> substantial cost to Coronavirus Reporter. As such, we propose a
> settlement of the Article 81 complaint at EUR 11 million until
> February 1, and EUR 18 million after such date to incorporate the
> private national member country litigation.
>
> 5.  Cameron-related claim:
>
> Page 9 includes Cameron in the cause of action summation, but he never
> addresses Cameron's marketplace definitions, which include App Store
> competitors, most importantly, and includes the elasticity of demand
> and substitutability of App Store distributors, including "direct"
> models that we referenced in the FAC. That, as you know, is pleaded in
> Cameron as both a single-brand and a sub-market, and wouldn't be

> subject to the court's Newcal ruling (which as far as we understand is
> equivalent to YGR's Newcal ruling in Epic, and we would appeal that to
> SCOTUS as an improper Ninth Circuit "substance over form" restriction,
> and importantly, one that even if valid, had no place being in a
> 12(b)(6) as you did not even raise it; that should have been a ruling
> by a jury.
>
> We will also accept proposals from Apple to settle these matters in full.
>
> Regards,
>
> Keith A. Mathews, Esq.
>
> On 12/2/2021 11:26 AM, Brass, Rachel S. wrote:
>> Dear Mr. Mathews,
>>
>> Thank you for your email.   In lieu of a telephonic meet and confer,
>> we have responded here to each of the issues you have identified.
>>
>> 1.  Proposed stipulation:
>>
>> The Court has entered a single judgment and we do not believe a
>> stipulation is necessary in this context.   If, however, you believe
>> a specific Ninth Circuit rule requires a stipulation, please send it
>> to us with a draft stipulation, and we will consider the proposal.
>>
>> 2.  Threatened patent litigation:
>>
>> We are not authorized to accept service on behalf of Apple.   If and
>> when any suit is filed, Apple will retain and instruct counsel, but
>> we are not authorized to discuss resolution of any patent-related
>> claims.
>>
>> 3.   Motion for reconsideration:
>>
>> We are unaware of anything meeting the requirements of the local
>> rules or otherwise providing a basis for reconsideration.  If you
>> have identified anything that qualifies under that high standard, and
>> can share them in writing, we would be happy to consider the issue then.
>>
>> 4.  Threatened EU action:
>>
>> If you have a specific proposal for resolving your claims in advance
>> of any EU filing, please send that proposal in writing and we will
>> present it to our client.
>>
>> 5.  Cameron-related claim:
>>
>> We respectfully disagree with your assertion that the Court did not
>> address your attempt to reassert the claims otherwise litigated in
>> Cameron.  The Court specified on page 9 of its Order that it was
>> including the Cameron Count (#7) in its analysis of the other

>> antitrust claims, and that the Count failed for the same reasons. We
>> do not believe any action here is warranted.
>>
>> Kind regards,
>> Rachel
>>
>> Rachel S. Brass
>> Partner
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP
>> 555 Mission Street, San Francisco, CA 94105-0921 Tel +1 415.393.8293
>> • Mobile +1 415.264.5998 RBrass@gibsondunn.com •
>> https://urldefense.com/v3/__http://www.gibsondunn.com__;!!IBzWLUs!GJLS4ImzIJpa
yKZosuCjXjpH_-1O6P-WqR9GTTwBO3OmLNJRx5UI2yPyESBKkIx8OlgksioztpO_wT3azSs$
>>
>>
>> -----Original Message-----
>> From: Keith Mathews <keith@aaone.law>
>> Sent: Wednesday, December 1, 2021 5:00 AM
>> To: Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A.
>> <MPerry@gibsondunn.com>
>> Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
>> Subject: Coronavirus reporter v. Apple
>>
>> [WARNING: External Email]
>>
>> Rachel and Mark,
>>
>> I am writing hoping that you can hop on a zoom call with us to meet
>> and confer about the following issues:
>>
>> 1. Potential stipulation on if and how we can consolidate the
>> injunction appeal and the appeal of the 12(b)(6).
>>
>> 2. I will be filing the patient infringement claim we discussed
>> previously against Apple in Florida next week. Can we discuss service
>> of process, whether you will be on the case and potential resolution?
>>
>> 3. Your thoughts and potential resolution regarding our motion to
>> reconsider the judge's ruling yesterday.
>>
>> 4. As you know we have postponed filing with the EU anti trust
>> authorities, that is now inevitable. We want to discuss potential
>> resolution before we do.
>>
>> 5. As you noticed the judge did not address our Cameron claim for
>> paid apps, we would like to discuss how to address this.
>>
>> Please let me know when you can meet for a zoom within the next 48
>> hours.

>>
>> Thanks,
>>
>> Keith
>> _____
>>   This message may contain confidential and privileged information
>> for the sole use of the intended recipient. Any review, disclosure,
>> distribution by others or forwarding without express permission is
>> strictly prohibited. If it has been sent to you in error, please
>> reply to advise the sender of the error and then immediately delete
>> this message.
>>
>> Please see our website at
https://urldefense.com/v3/__https://www.gibsondunn.com/__;!!IBzWLUs!GJLS4ImzIJ
payKZosuCjXjpH_-1O6P-
WqR9GTTwBO3OmLNJRx5UI2yPyESBKkIx8OlgksioztpO_eQ3qleo$  for information
>> regarding the firm and/or our privacy policy.
>> _____
_____

 This message may contain confidential and privileged information for the sole use of
the intended recipient. Any review, disclosure, distribution by others or forwarding
without express permission is strictly prohibited. If it has been sent to you in error,
please reply to advise the sender of the error and then immediately delete this
message.

Please see our website at
https://urldefense.com/v3/__https://www.gibsondunn.com/__;!!IBzWLUs!GJLS4ImzIJ
payKZosuCjXjpH_-1O6P-
WqR9GTTwBO3OmLNJRx5UI2yPyESBKkIx8OlgksioztpO_eQ3qleo$  for information
regarding the firm and/or our privacy policy.
_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.