UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-82235-CIV-CANNON

THE CORING COMPANY, on behalf of itself and all others similarly situated

Plaintiffs,

v.

APPLE INC.

          Defendant.

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF
APPLE INC.'S MOTION TO TRANSFER VENUE

1.      I am an attorney licensed to practice in the State of California, and I have been admitted *pro hac vice* in this case. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am also counsel of record for Apple in the related cases *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-5567-EMC (N.D. Cal.) and *Primary Productions LLC v. Apple Inc.*, No. 21-cv-6841-EMC (N.D. Cal.), as well as the earlier, pre-transfer iteration of the latter case *Primary Productions LLC v. Apple Inc.*, No. 21-cv-137-JDL (D. Me.). I submit this declaration in support of Apple's Motion to Transfer Venue ("Motion"). I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      Over the course of 2021, Calid Inc., Coronavirus Reporter, Primary Productions, and Mr. Jeffrey Isaacs, represented by Mr. Keith Mathews, filed federal lawsuits against Apple alleging violations of the Sherman Act and other claims. True and correct copies of the docket

1

reports for *Coronavirus Reporter v. Apple, Inc.* ("*Coronavirus Reporter I*"), No. 21-cv-47, Dkt. 1 (D.N.H.), *Primary Prods. LLC v. Apple Inc.*, No. 21-cv-137, Dkt. 1 (D. Me.), and *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-5567-EMC, Dkt. 1 (N.D. Cal.) ("*Coronavirus Reporter II*") are attached hereto as **Exhibits 1–3**.

3. The plaintiffs in *Coronavirus Reporter I & II* did not file corporate disclosure statements. The plaintiffs in *Primary Productions* did not file a corporate disclosure statement until ordered to do so by the court. A true and correct copy of that order is attached hereto as **Exhibit 4**.

4. The plaintiffs in *Coronavirus Reporter I* and *Primary Productions* ultimately dismissed their claims voluntarily (after repeatedly amending their complaints rather than responding to then-pending motions to dismiss filed by Apple).

5. A true and correct copy of the First Amended Complaint in *Coronavirus Reporter II* is attached hereto as **Exhibit 5**.

6. On November 30, 2021, the United States District Court for the Northern District of California dismissed with prejudice all claims in the First Amended Complaint in *Coronavirus Reporter II*. A true and correct copy of the court's November 30, 2021 order in *Coronavirus Reporter II* is attached hereto as **Exhibit 6**. That order is also available on Westlaw at 2021 WL 5936910.

7. The *Coronavirus Reporter II* plaintiffs have filed two motions for reconsideration of the November 30 order, and noticed an appeal to the United States Court of Appeals for the Ninth Circuit. A true and correct copy of the first motion for reconsideration is attached hereto as **Exhibit 7**; of the second motion for reconsideration is attached hereto as **Exhibit 8**; and of the

notice of appeal is attached hereto as **Exhibit 9**. Apple's opposition to the motions for reconsideration, filed on January 10, 2022, is attached hereto as **Exhibit 10**.

8. The Certificate of Reinstatement for CALID Inc., showing that Mr. Isaacs is the company's CEO, is attached hereto as **Exhibit 11**.

9. A log of communications between Mr. Isaacs (on behalf of CALID as the developer of the Coronavirus Reporter app) and members of Apple's app review team, a true and correct copy of which was filed in *Coronavirus Reporter II* (Dkt. 34-1), is attached hereto as **Exhibit 12**.

10. As counsel for Apple, I have exchanged extensive correspondence with Mr. Mathews in connection with *Coronavirus Reporter I, Coronavirus Reporter II*, *Primary Productions*, and this case. Although Mr. Isaacs purports to proceed *pro se* in *Coronavirus Reporter II*, Mr. Mathews continues to refer often to Mr. Isaacs as his "client." An exemplary email exchange is attached hereto as **Exhibit 13**. An additional summary of the evidence demonstrating Mr. Isaacs' controlling role in all related litigation is contained in a September 30, 2021 letter to Mr. Mathews and his local counsel in *Coronavirus Reporter II*, a true and correct copy of which was filed in *Coronavirus Reporter II* (Dkt. 63 at 5–7) and is attached hereto (in excerpted form) as **Exhibit 14**. In addition, although I have repeatedly explained that because he is represented by Mr. Mathews, all communications should be through counsel, Mr. Isaacs has repeatedly emailed me, as well as other counsel for Apple, regarding the claims and interests of Coronavirus Reporter, CALID, and Primary Productions. Mr. Isaacs also appeared during telephonic and videoconference meet-and-confer discussions—both before and after he purported to proceed pro se—in connection with the above-referenced cases.

11. On September 20, 2021, Mr. Isaacs emailed me about "[p]atent infringement" claims that he believed he could assert against Apple, noting that "[i]n the interest of settlement, I

am willing to offer Apple a substantially reduced price on the Web Caller-ID patent, which frankly could be quite valuable to them." A true and correct copy of this email is attached hereto as **Exhibit 15**.

12. On October 1, 2021, Mr. Mathews emailed me and informed me of Mr. Isaacs' intent to "file[] a patent infringement claim against Apple in Florida." A true and correct copy of this email is attached hereto as **Exhibit 16**.

13. On December 1, 2021, Mr. Mathews emailed me, stating that he and Mr. Isaacs "will be filing the patent infringement claim we discussed previously against Apple in Florida next week." Then, on December 8, 2021, in the same email chain, Mr. Isaacs emailed me, stating that the Florida case would be "a class action RICO, antitrust, and infringement action." Shortly thereafter, he emailed me again, attaching "the patent central to the Florida case" and noting that "[w]e will need to name Tim Cook and an additional shareholder . . . to avoid RICO identity of parties." A true and correct copy of this email exchange is attached hereto as **Exhibit 17**.

14. Counsel for Apple has repeatedly checked the Florida Secretary of State, Division of Corporations' official database for the existence of "The Coring Company." As of the date of this filing, no such entity is reflected in the State's official database. A true and correct copy of the search results from the database's website as of today, January 17, is attached hereto as **Exhibit 18**.

15. Publicly available evidence from the Patent and Trademark Office shows that Mr. Isaacs' reissued '698 patent has not been assigned to Plaintiff The Coring Company. Documents filed by Mr. Isaacs with the Office relating to the '698 patent state that his address is in Pennsylvania. A true and correct copy of the page displaying the assignment record for the '698 patent from the Office's database as of January 17, 2022 is attached hereto as **Exhibit**

**19**. A true and correct copy of a document filed with the Office on October 21, 2021 displaying Mr. Isaacs' address is attached hereto as **Exhibit 20**.

16. A true and correct copy of an excerpt from the May 2021 trial testimony of Phil Schiller in *Epic Games v. Apple Inc.*, No. 20-cv-5640 (N.D. Cal.) ("*Epic Games*") is attached hereto as **Exhibit 21**.

17. A true and correct copy of the Final Decision and Order of the New Hampshire Board of Medicine revoking Mr. Isaacs' medical license, as filed in *Isaacs v. Trustees of Dartmouth Coll.*, No. 17-cv-40, Dkt. 7-1 (D.N.H. Mar. 22, 2017), is attached hereto as **Exhibit 22**.

18. A true and correct copy of the homepage of the Norwegian company The Coring Company (as of January 16, 2022), located at https://www.thecoring.com, is attached hereto as **Exhibit 23**.

19. On December 22, 2021, counsel for Apple emailed Coring's counsel to inquire if Coring would consent to, among other things, the relief requested in Apple's Motion. Mr. Mathews responded that Coring objected to "moving the case to California." A true and correct copy of that email chain is attached hereto as **Exhibit 24**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 17, 2022 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass