IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE CORING COMPANY<br>on behalf of itself and all others similarly situated<br><br>      Plaintiffs,<br><br>vs.<br><br>APPLE INC.<br>      Defendants. | Case No. 9:21-cv-82235-AMC<br><br><br><br><br><br>MOTION FOR ENLARGEMENT OF TIME AND/OR ABEYANCE |

# NOTICE OF MOTION AND MOTION TO EXTEND RESPONSE TO MOTION FOR TRANSFER IN LIGHT OF RELATED MOTION FOR SANCTIONS FILED IN CALIFORNIA

HEREIN Plaintiff, by and through counsel requests that the Honorable Court extend Plaintiff's time to respond to Defendant's Motion for Transfer. Today a related Motion for Sanctions was filed against Defendant Apple and counsel in the Northern District of California for dubious litigation conduct in the matter *Coronavirus Reporter et al. v. Apple*/ That motion states as follows regarding activity in this Florida Southern District:

"Apple has repeatedly and falsely claimed that Dr. Isaacs controls all the Plaintiffs in this case. In FLSD last week, they incorrectly stated "These claims were brought by [Dr.] Isaacs either in his individual capacity or on behalf of various entities under his control, including Coronavirus Reporter, CALID Inc., and Primary Productions." They also acknowledged that the patent infringement claims could not have been filed back in September, but omitted to mention their improper conduct in blocking Meet & Confer on amending it into this CAND proceeding: "[Dr.] Isaacs first threatened suit on September 20, 2021—even though the '698 patent had been deemed ineligible at that time and the '847 patent had not yet issued." (*Coring* Motion to Transfer Venue, p.6). Dr. Roberts was scheduled to testify at the Preliminary Injunction hearing as to his authority at the company and the institutional support he brought from University of Arizona. Dr. Isaacs is able to testify at this Motion for Sanctions hearing, and hereby requests such time allocation, as to the fact that Dr. Roberts is his senior at Coronavirus Reporter, and moreover his senior as a renowned cardiologist and MBCK inventor, and all litigation by that Corporation require Dr. Roberts' authorization as he is a near-majority shareholder. Likewise, Dr. Isaacs is able to testify that he has no control over Primary Productions, and is neither a founder nor member shareholder of that corporation."

"Gibson Dunn improperly[1] referred to Dr. Isaacs as a "serial litigant" last week in the Florida district, after improperly blocking the amendment of that patent[2] to this case. Gibson Dunn

---

[1] Gibson Dunn cannot reasonably believe Dr. Isaacs' decade long legal saga to reconcile three competent authorities' enforcement of a USC settlement agreement was something he would ever have wished, in lieu of a promising medical career. It is submitted that Gibson Dunn's purported stance towards Dr. Isaacs' civil proceedings is meant to deflect from his criminal complaints to FBI (see below) and the White House, which the firm has never refuted resulted in a material outcome.

[2] Last week, Gibson Dunn launched several new *ad hominem* attacks from Miami. One is that Dr. Isaacs is evading this district for his patent claims. In their *Motion to Transfer Venue*, the firm says FLSD is "as far away as possible from **the venue Mr. Isaacs seeks to evade**." But the written record is clear; Dr. Isaacs sought to amend the patent infringement case into this proceeding in California Northern District, in "the interest of judicial economy," and Gibson Dunn blocked his Meet & Confer request (see below). Another attack from Miami called *Coring* and App Place "**inventions of Mr. Isaacs imagination.**" *Coring* incorporation paperwork was filed in December 2021. App Place actually is an invention of Dr. Isaacs' imagination, but not in a disparaging way meant to shame Dr. Isaacs' head injury; it was referenced in an IP lawyer memo about blockchain previously docketed in this case. The third *ad hominem* attack levied by Apple last week accuses Dr. Isaacs of misrepresenting his Florida residency to the court. In

knows Dr. Isaacs has been traumatized by the toll a decade spent enforcing an acquittal agreement took on him, and he can and will testify to that fact at a hearing. The fact is Dr. Isaacs' acquittal was validated by three competent authorities – the American Academy of Medicine, the NH Employment Tribunal, and the NH Board of Medicine. The NH Board of Medicine, in a partially contrasting opinion, determined that the acquittal had never been executed. When Dr. Isaacs sought to enforce that acquittal, Gibson Dunn argued the acquittal was unenforceable, and ordered Isaacs to pay $250,000 in USC attorney's fees. A dissenting Ninth Circuit Judge rebuked that it was "not reasonable" that the exoneration was unenforceable. In sum, Dr. Isaacs was unwillingy pulled from Dartmouth residency to spend a decade in the legal system in enforcing his acquittal so he could practice medicine. That meant working with Dr. Roberts on COVID-19 was his "last chance" in all probability. That's a far cry from being a "serial litigant."

The motion, which has been attached, addresses false and *ad hominem* attacks on a head injury victim now extending from the Coronavirus Reporter case to this district. The proper venue for review of that motion is the District Court for the Northern District of California. However, given the allegations regarding the motion to transfer venue, the Northern California court's order on the Motion for Sanctions, and a pending Motion for Reconsideration, is highly relevant to how this litigation should proceed.

The motion to transfer venue that has been filed by Gibson Dunn contains a litany of improper attacks against Dr. Isaacs directly, a tactic that is wholly inappropriate and this motion filed in Northern California seeks remedy for this transgression. It would be against the interest of judicial economy if Plaintiff's response to this motion were to be required before the Court rules on this sanctions motion, and a related Motion for Reconsideration seeking leave to amend Isaacs' patent claims in California Northern District. Any response to the motion to transfer provided before the Northern District of California's ruling would be incomplete and require supplementation.

---

fact, Dr. Isaacs was granted Florida's "Homestead" residency last year. Gibson Dunn has vociferously and repeatedly accused Dr. Isaacs of things that are simply untrue according to the evidence. Yet a fourth attack uses scandalous, violent language that "**Mr. Isaacs trained his sights on Apple**," but Dr. Isaacs will testify at the evidentiary hearing that he was not the first of the Plaintiffs in this case to suggest suing Apple, and indeed, he actually talked one co-Plaintiff out of an Apple lawsuit, but later changed his position.

WHEREFORE, Plaintiff requests the Court extend the deadline for response to the Defendant's Motion to Transfer until the Northern District of California rules on the pending Motion for Sanctions and Motion for Reconsideration.

Respectfully submitted, this 24th day of January 2022.

/s/ Keith A. Mathews
Keith Mathews, Esq.
Admitted pro hac vice
AWP Legal
1000 Elm Street, Suite 800
Manchester, NH 03105
Tel: (603) 622-8100
Fax: (888) 912-1497

FAERMAN LAW, P.A.
/s/ Ayelet Faerman
Ayelet Faerman, Esq.
4613 N University Dr - 578
Coral Springs, FL 33067
Phone: (954) 271-4848
ayelet@faerman.law
FL Bar: 102605

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via the Court's ECF system on January 24, 2022.

/s/ Ayelet Faerman
Ayelet Faerman, Esq.

/s/ Keith Mathews
Keith Mathews