UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-82235-CIV-CANNON

THE CORING COMPANY, on behalf of itself
and all others similarly situated

                Plaintiffs,

   v.

APPLE INC.

                Defendant.

**DEFENDANT APPLE INC.'S STATEMENT OF NON-OPPOSITION
TO MOTION FOR ENLARGEMENT OF TIME AND/OR ABEYANCE**

On January 24, 2022, Plaintiff Coring Co. moved to defer its response to Defendant Apple Inc.'s Motion to Transfer Venue "until the Northern District of California rules on the pending Motion for Sanctions and Motion for Reconsideration" in *Coronavirus Reporter et al v. Apple Inc.*, No. 3:21-CV-05567-EMC. Dkt. 26 at 4. Coring's motion does not contain the required Rule 7.1(a)(3) certification, undoubtedly because Coring did not seek Apple's position in advance of filing—a remarkable violation of the Local Rules given that the very sanctions motion attached to Coring's submission takes the position that failing to meet-and-confer (even where *not* required by Local Rule) "constitute[s] 'fraud on the court.'" Dkt. 26-1 at 20; *see also* S.D. Fla. L.R. 7.1(a)(3) (explaining this Court's meet-and-confer requirement and the "appropriate sanction[s]" that noncompliance carries). Had Coring asked, Apple would have consented to a reasonable extension, and Apple does not oppose the relief sought now.

Putting aside that this motion need not ever have been filed, Coring's submission only underscores that transfer is appropriate here. That Isaacs is seeking sanctions in *Coronavirus Reporter* for alleged transgressions in this case, Dkt. 26 at 3, demonstrates that he is the driving force behind both cases, that they are related, and that they ought to be handled by Judge Chen in California. Indeed, Coring expressly admits that the matters are "related," *id.* at 1, and that proceedings in *Coronavirus Reporter* are "highly relevant" to this case, *id.* at 3. All of this underscores the grounds for transfer set forth in Apple's Motion to Transfer Venue. *See* Dkt. 25 at 7–18.*

Dated: January 25, 2022

Respectfully submitted,

By: _____/s/ Rachel S. Brass_____

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (pro hac vice)
  mperry@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:   (202) 955-8500
Facsimile:   (202) 467-0539

RACHEL S. BRASS (pro hac vice)
  rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   (415) 393-8200
Facsimile:   (415) 374-8429

McDERMOTT WILL & EMERY LLP
CAROLINE M. IOVINO (Florida Bar No. 181110)
  ciovino@mwe.com
333 S.E. 2nd Avenue, Suite 4500
Miami, FL 33131
Tel:  (305) 358-3500
*Attorneys for Defendant* **Apple Inc.**

---

* Coring's many accusations against Apple and its counsel are baseless and wrong. They reflect a long and ongoing effort by Isaacs and his entities to besmirch Apple and its counsel—despite having been admonished "about the use of *ad hominem* references to opposing counsel." *Primary Prods. LLC v. Apple Inc.*, No. 2:21-cv-00137-JDL, Dkt. 19 (D. Me. July 20, 2021). Apple will address these accusations if and when appropriate in the proper forum.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic filing with the Clerk of the Court using CM/ECF this 25th day of January, 2022 on all counsel of record.

                                        */s/ Caroline M. Iovino*