IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE CORING COMPANY<br>on behalf of itself and all others similarly situated<br><br>      Plaintiffs,<br><br>vs.<br><br>APPLE INC.<br>      Defendants. | Case No. 9:21-cv-82235-AMC |

# NOTICE OF MOTION AND RENEWED MOTION TO EXTEND RESPONSE TO MOTION FOR TRANSFER UNTIL RULING ISSUED IN CALIFORNIA

NOW COMES, the Plaintiff, by and through counsel and requests that the Honorable Court extend Plaintiff's time to respond to Defendant's Motion for Transfer. In support thereof he States as follows:

Interpretation of the DPLA has become heated in the Ninth Circuit Court of Appeals over the last week. The Department of Justice has filed an amicus brief in the Ninth Circuit Court of Appeals case 21-16506 a correct copy of which is attached hereto as Exhibit 1. The implications of that brief on this case are substantial, it would not be in the interest of Justice or Judicial Economy for this court to take a position on any issue, including on the motion for transfer until this issue can be hashed out in the 9th Circuit and/or the District Court for the Northern District of California rules on the motion for Relief filed there in Coronavirus Reporter et al. vs. Apple.

The DOJ brief specifically addressed the DPLA as a contract of adhesion, which means that the 9th Circuit's ruling will have direct consequences to the arguments being made in Apple's motion to Transfer. The assertion that the contract requires adjudication in the Northern District of California is brought into question in the DOJ brief. "It is immaterial that developers 'must accept' the provisions of the DPLA. 1-ER-145. A contract of adhesion is still a 'contract,' see Lim v. Tforce Logistics, LLC, 8 F.4th 992, 1000-01 (9th Cir. 2021), and "acquiesce in an illegal scheme is as much a violation of the Sherman Act as the creation or promotion of one…" (Page 110).

The Brief has raised the following issues that weigh on how the court should decide this matter. With not a hint of ambiguity, the DOJ amicus guidance warns that "by potentially obscuring market realities, the rigid rules suggested by the district court could significantly harm antitrust enforcement, especially in the digital economy." (Page 28). The DOJ discussion of the appropriate market boundaries for a district court is particularly instructive and warrants this case moving forward. The DOJ contends the "Epic District Court's Opinion Could Be Read as Adopting Inflexible Market-Definition Principles That Would Improperly Limit the Sherman Act's Scope.":

> Market definition is a tool that helps courts ascertain the "locus of competition" in which to judge the challenged conduct, identify market participants, and assess market concentration. Brown Shoe Co. v. United States, 370 U.S. 294, 320-21 (1962). But "[t]hat is not to say that market definition will always be crucial," and it "does not exhaust the possible ways to prove" competitive effects. FTC v. Whole Foods Market, Inc., 548 F.3d 1028, 1036 (D.C. Cir. 2008).

> Parts of the opinion suggest that the district court's market- definition analysis rested on erroneous legal rules that markets cannot be defined around products that (a) Apple does not license or sell or (b) are components of a bundled product or service that Apple does offer. E.g., 1-ER-48, 1-ER-68-69. Such rules would be improper. Antitrust law generally favors "actual market realities," Kodak, 504 U.S. at 466-67, and so market definition must not "be used to obscure competition but [should] recognize competition where, in fact, competition exists," United States v. Cont'l Can Co., 378 U.S. 441, 453 (1964) (quoting Brown Shoe, 370 U.S. at 326).

The DOJ's brief will greatly effect the way this case is litigated but the eventual ruling by the 9th Circuit is necessary for a proper presentation on the motion to transfer currently pending in this court as such a ruling will greatly effect the overall litigation of this matter as well as how this court interoperates Apple's claims regarding whether transfer is proper in this matter extending the deadline is the best way to ensure that the ruling of this court does not run afoul of the DOJ's interpretation of Apple's behavior and the Contract.

Any ruling by this Court on the motion to transfer risks reconsideration after the 9th Circuit ruling. It is in the interest of Judicial Economy to extend this deadline until this decision is made.

WHEREFORE, Plaintiff requests the Court extend the deadline for response to the Defendant's Motion to Transfer until the 9th Circuit Rules in the *Epic* case interpreting the DPLA.

Respectfully submitted, this 31st day of January 2022.

/s/ Keith A. Mathews
Keith Mathews, Esq.
Admitted pro hac vice
AWP Legal
1000 Elm Street, Suite 800
Manchester, NH 03105
Tel: (603) 622-8100
Fax: (888) 912-1497

**CERTIFICATION OF SERVICE**

I hereby state that on this date the foregoing was served on all parties through the CMECF all other parties served through first class mail.

/s/ Keith Mathews
Keith Mathews