UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-82235-CIV-CANNON

**THE CORING COMPANY**,

    Plaintiff,
v.

**APPLE INC.**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

**THIS CAUSE** comes before the Court upon Defendant's Motion to Transfer Venue (the "Motion") [ECF No. 25], filed on January 17, 2022.  The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 34], Defendant's Reply in Support [ECF No. 35], and the full record.  For the reasons set forth below, Defendant's Motion to Transfer Venue [ECF No. 25] is **GRANTED**.

### BACKGROUND

Plaintiff, The Coring Company, initiated this action on December 15, 2021 [ECF No. 1], bringing antitrust and patent infringement claims against Defendant, Apple Inc., under federal and Florida law.  The Complaint avers that Plaintiff is a Florida C Corporation, founded in December 2021 "by a group of former Apple enthusiasts" [ECF No. 1 ¶ 14].  The Complaint further avers that Plaintiff developed "App Place," an app meant to compete with Defendant's App Store [ECF No. 1 ¶ 1].  One of the benefits of App Place, according to the Complaint, is that, unlike Defendant's App Store, which screens out apps on so-called "safety" grounds, Plaintiff's App Place allows users to access "an entire class of apps that is currently not possible on iOS [Apple's

mobile operating system]" [ECF No. 1 ¶¶ 2–5].  Plaintiff thus presents App Place as a "censorship-resistant" alternative to Defendant's App Store [ECF No. 1 ¶ 1].  The Complaint proceeds to allege that Defendant is committing ongoing antitrust and patent violations by, respectively, restricting competitors' access to the App Store and simultaneously making available to consumers on the App Store other apps that use Plaintiff's registered intellectual property [ECF No. 1 ¶¶ 118–80].

Defendant filed the instant motion on January 17, 2022, requesting that the case be transferred to the United States District Court for the Northern District of California [ECF No. 25].  The Motion is ripe for adjudication.

## LEGAL STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404.  That statutes permits a district court, "in the interest of justice," and "[f]or the convenience of parties and witnesses," to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404.  "The statute is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).  "It is the movant's burden to establish that a case should be transferred to the suggested forum in the interests of convenience and justice."  *National Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1242 (M.D. Fla. 2016) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

In deciding whether to transfer a case, courts may consider: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's

familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 996 (S.D.N.Y. 1990)). Although a plaintiff's choice of forum is traditionally "accorded considerable deference," less deference is accorded when the operative facts did not occur within the selected forum. *MindbaseHQ LLC v. Google LLC*, No. 20-CV-24742, 2021 WL 1923142, at *3 (S.D. Fla. May 13, 2021) (citing cases). Ultimately, the decision to transfer a case is left to the sound discretion of the district court. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982) (citing cases).

## DISCUSSION

Defendant maintains that transfer to the Northern District of California is warranted on three independent bases: 28 U.S.C. § 1404(a), the "first-filed rule," and 28 U.S.C. § 1406(a). Defendant principally argues, however, that the private and public interest factors underpinning the analysis under 28 U.S.C. § 1404(a), on balance, support transfer. This Court agrees.

With respect to private interests, Defendant points out that its own headquarters and attorneys are located in California [ECF No. 25 pp. 11–13]. Defendant further observes that, even though the App Store affects users across the country, "sources of proof relating to the App Store[,]" including witnesses, "are most 'likely to be located in California,' where [Defendant's] products 'were designed, developed, and engineered' and its policy decisions were made'" [ECF No. 25 p. 13 (quoting *Mindbase*, 2021 WL 1923142 at *5)].

With respect to public interests, Defendant argues that Plaintiff's claims are being brought against a California company with a vast number of in-state employees, yielding a strong local interest in resolving the case in California [ECF No. 25 pp. 8–10]. Defendant further argues that

this action is a "near carbon-copy" of three other actions brought by Plaintiff's principal, Jeffrey Isaacs, throughout the year 2021 [ECF No. 25 pp. 2–5]. Defendant goes on to highlight that two of those actions were transferred to the Northern District of California, where they were consolidated with the third and ultimately dismissed with prejudice on November 30, 2021 [ECF No. 25 p. 5 (citing *Coronavirus Reporter v. Apple, Inc.*, No. 21-cv-5567-EMC, 2021 WL 5936910 (N.D. Cal. Nov. 30, 2021)]. Thus, according to Defendant, the instant action would most appropriately be handled in the district that has "substantial familiarity" with Plaintiff's principal and his claims [ECF No. 25 p. 10 (quoting *Gillig v. Nike, Inc.*, No. 08-22845-CIV, 2008 WL 11429501, at *4 (S.D. Fla. Dec. 16, 2008)]. Relatedly, Defendant argues that the *res judicata* question posed by the November 2021 dismissal of Issacs' substantially identical claims is of public interest to the Northern District of California, [ECF No. 25 pp. 9–10 (citing *Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D.D.C. 2005)], and would be more efficiently answered by a court in the same district [ECF No. 25 p. 10 (citing *Gillig*, 2008 WL 11429501 at *4)]. Finally, Defendant suggests that Plaintiff is engaging in forum shopping in order to evade unfavorable Ninth Circuit law [ECF No. 25 p. 7] and may be overstating its genuine connections to Florida [ECF No. 25 p. 6 ("The [C]omplaint says [Plaintiff] is a 'Florida C Corporation' . . . but the Florida Secretary of State's database has no corporate records attesting to [Plaintiff's] existence."); *see also* ECF No. 25 p. 12 n.2 ("Even if [Plaintiff] does exist, it was formed no earlier than 'early December 2021' for the clear purpose of bringing claims . . . . Any connection to Florida 'is therefore of a more recent vintage'—and purely for the purpose of obtaining a perceived tactical advantage—and should not be given any weight.") (citations omitted); *see also* ECF No. 25 p. 12 (casting doubt on Isaacs' claim that he is a resident of Florida)].

In response, Plaintiff alleges that Isaacs himself has substantial connections to Florida and that Plaintiff is a legitimate Florida corporation [ECF No. 34 ¶¶ 7–8]; accuses Defendant of making false and misleading statements in the Motion to Transfer [ECF No. 34 ¶¶ 8–10]; and elects not to respond meaningfully to Defendant's legal arguments [ECF No. 34 ¶ 11]. Plaintiff also references, in passing, alleged connections between Defendant's chief executive officer, Tim Cook, and the People's Republic of China [ECF No. 34 ¶¶ 2, 5; *see* ECF No. 35 pp. 1–11].

The Court finds transfer to be warranted under 28 U.S.C. § 1404(a) and thus need not address Defendant's arguments about the first-filed rule and 28 U.S.C. § 1406(a). Because it is clear that this case "might have been brought" in the Northern District of California, 28 U.S.C. § 1406(a), transfer to said district can be ordered to further the interests of convenience and justice [ECF No. 25 p. 8]. *See also In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). And, as Defendant points out, the location of potential witnesses, the location of Defendant's headquarters, and the existence of a previous Northern District of California action involving Plaintiff's principal and similar claims all support transfer in this case. Those factors also outweigh the strength of Plaintiff's represented connections to Florida and choice of forum. Finally, although this action involves claims brought under Florida law, "federal courts are frequently called upon to interpret the laws of the several States," *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 862 (N.D. Cal. 2018), and the Northern District of California can adequately resolve Plaintiff's Florida state law claims. For these reasons, based on the totality of the circumstances, transfer is warranted under 28 U.S.C. § 1404(a).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Transfer Venue [ECF No. 25] is **GRANTED**.

CASE NO. 21-82235-CIV-CANNON

2. Pursuant to 28 U.S.C. § 1404(a), the above-captioned matter, Case No. 21-82235-CIV-CANNON, shall be **TRANSFERRED** to the United States District Court for the Northern District of California for all purposes, including trial.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 18th day of February 2022.

                                                        **AILEEN M. CANNON**
                                                        **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record